Filed 2/1/16  In re Julian CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT
### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| In re MARK DAVIS JULIAN | D069367 |
| on | (Riverside County<br>Super. Ct. No. SWF026544) |
| Habeas Corpus. | |

ORIGINAL PROCEEDING in habeas corpus.  Patrick F. Magers, Judge.  Relief granted.

Mark Davis Julian, in propria persona, for Petitioner.

Kamala D. Harris, Attorney General, and Christen Somerville, Deputy Attorney General, for Respondent.

Mark Davis Julian seeks a writ of habeas corpus to vacate a prison sentence imposed in 2010 that included great bodily injury enhancements related to his convictions of vehicular manslaughter while intoxicated.  He contends that the recent decision of the California Supreme Court in *People v. Cook* (2015) 60 Cal.4th 922, 935 (*Cook*), holding that such enhancements do not apply to murder or manslaughter convictions, applies to

his case even though the judgment is final. The People agree that Julian is entitled to relief. We grant the requested relief.

BACKGROUND

Mark Davis Julian was sentenced to prison in 2010 for 12 years after a jury found him guilty of two counts of vehicular manslaughter while intoxicated and, as to each count, found true two enhancement allegations that he inflicted great bodily injury on the other manslaughter victim and on another passenger in the car who survived. On appeal, this court rejected Julian's argument that Penal Code section 12022.7, subdivision (g), prohibited imposition of the great bodily injury enhancements and affirmed the judgment of conviction. (*People v. Julian* (2011) 198 Cal.App.4th 1524, 1529-1532 (*Julian*).) The California Supreme Court denied Julian's petition for review (Nov. 22, 2011, No. S197132), and the United States Supreme Court denied his petition for writ of certiorari (*Julian v. California* (2012) ___ U.S. ___ [132 S.Ct. 2104, 182 L.Ed.2d 872]).

Last year, the California Supreme Court held that under Penal Code section 12022.7, subdivision (g), "great bodily injury enhancements simply do not apply to murder or manslaughter," and expressly disapproved this court's contrary holding in *Julian*. (*Cook*, *supra*, 60 Cal.4th at pp. 926, 935, 939.) Based on *Cook*, Julian filed a petition for writ of habeas corpus to vacate the great bodily injury enhancements attached to his manslaughter convictions. We solicited an informal response from the People, who

2

agreed that this court should vacate the sentence and direct the superior court to resentence Julian.

## DISCUSSION

The California Supreme Court's recent decision in *Cook*, *supra*, 60 Cal.4th 922, makes clear that the great bodily injury enhancements should not have been imposed as part of Julian's prison sentence. We are bound by the Supreme Court's decision in *Cook*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) The question is whether *Cook* applies to Julian's case, which has been final since 2012.

In arguing that *Cook*, *supra*, 60 Cal.4th 922, applies to Julian's case, both parties rely primarily on *People v. Mutch* (1971) 4 Cal.3d 389, 392 (*Mutch*), where the California Supreme Court considered "whether a defendant whose conviction of the crime of kidnaping for the purpose of robbery in violation of Penal Code section 209 became final before [its] decision in *People v. Daniels* (1969) 71 Cal.2d 1119 . . . , [was] entitled to post-conviction relief upon a showing that his conduct was not prohibited by the statute as we construed it in *Daniels*." The Supreme Court noted that "the purpose of [its] decision in *Daniels* was not to 'redefine' the crime of kidnaping to commit robbery . . . but simply to declare what the intent of the Legislature has been in this regard since the enactment of the 1951 amendment to section 209." (*Mutch*, at p. 394.) The Supreme Court went on to hold: "In such circumstances, it is settled that finality for purposes of appeal is no bar to relief, and that habeas corpus or other appropriate

3

extraordinary remedy will lie to rectify the error: 'Habeas corpus is available in cases where the court has acted in excess of its jurisdiction. [Citations.] For purposes of this writ as well as prohibition or certiorari, the term "jurisdiction" is not limited to its fundamental meaning, and in such proceedings judicial acts may be restrained or annulled if determined to be in excess of the court's powers as defined by constitutional provision, statute, or rules developed by courts. [Citations.] In accordance with these principles a defendant is entitled to habeas corpus if there is no material dispute as to the facts relating to his conviction and if it appears that the statute under which he was convicted did not prohibit his conduct. [Citations.]' " (*Mutch*, at p. 396.)

Analogizing Julian's case to *Mutch*, *supra*, 4 Cal.3d 389, the People contend: "The purpose of *Cook*, like that of *Daniels*, was 'to declare what the intent of the Legislature has been in this regard since the enactment of the [statute].' [Citation.] *Cook* recognized a statutory rule which the Legislature had adopted when it enacted Penal Code section 12022.7, subdivision (g), 'but to which courts had not previously given appropriate effect.' [Citation.] The fact that Julian's case is final for purposes of appeal does not serve as a bar to the application of *Cook*'s holding." We agree with this analogy and conclude that Julian is entitled to the benefit of *Cook* even though his judgment became final before *Cook* was decided.

Finally, because the People have conceded that Julian is entitled to the relief that he requests, we may grant the relief without issuing an order to show cause, obtaining full

4

formal briefing, and holding oral argument.  (See *People v. Romero* (1994) 8 Cal.4th 728, 740, fn. 7 [when respondent stipulates to requested relief, "the court in which the habeas corpus petition is pending may grant relief without issuing a writ of habeas corpus or an order to show cause"].)

## DISPOSITION

The requested relief is granted.  Julian's prison sentence is vacated and the superior court is directed to resentence him without imposing any great bodily injury enhancements.

AARON, J.

I CONCUR:


MCINTYRE, J.

5

Dissenting opinion of Benke, J.

I dissent from the majority's decision to grant relief summarily. I believe that the question whether *People v. Cook* (2015) 60 Cal.4th 922 applies to cases that became final before it was decided implicates serious concerns deserving of fuller consideration than the parties have given them. I therefore would issue an order to show cause.

_____

BENKE, Acting P. J.